O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ERNEST MAEA, | ) | NO. EDCV 12-1829-VAP (MAN) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER:  DISMISSING PETITION |
| | ) | |
| DOMINGO URIBE JR., | ) | WITHOUT PREJUDICE; AND DENYING |
| | ) | |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |
| _____ | ) | |

On October 23, 2012, Petitioner, a California prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition challenges a 2009 conviction and sentence sustained by Petitioner in the San Bernardino County Superior Court.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it plainly appears that the

Petition is unexhausted.[1]   Therefore, the Petition must be dismissed without prejudice.

**BACKGROUND**

In 2009, following a jury trial in San Bernardino County Superior Court Case No. FMB008276, Petitioner was convicted of second degree murder and attempted murder, and the jury found various associated gun enhancement allegations to be true.  Petitioner was sentenced to state prison for 59 years to life.  *See* People v. Maea, 2010 WL 5072140, at *1, *4 (Cal. App. 4 Dist. Dec. 4, 2010) ("Maea").

Petitioner appealed, raising two claims.  First, Petitioner argued that the trial court committed error by failing to instruct the jury, *sua sponte*, on voluntary manslaughter based on theories of imperfect defense and sudden quarrel or heat of passion.  Maea, 2010 WL 5072140, at *1, *4-*7.  Second, Petitioner argued that the trial court abused its discretion by admitting the victim's death certificate into evidence.  *Id*. at *1, *7-*8.  On December 4, 2010, in Case No. E048391, the California Court of Appeal rejected both claims on their merits and affirmed the conviction.  Maea, *passim*.

Petitioner then sought review of the California Court of Appeal's decision through a petition for review filed in the California Supreme

---

[1]   The Court may raise exhaustion problems *sua sponte*.  Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

Court in Case No. S189805.[2]   On March 16, 2011, the California Supreme Court denied review without comment or citation to authority.

Petitioner's one-year federal habeas limitations period commenced running on June 15, 2011, absent any intervening state post-conviction proceeding that tolled his limitations period.  *See, e.g.,* 28 U.S.C. § 2244(d)(1) and (2); <u>Zepeda v. Walker</u>, 581 F.3d 1013, 1016 (9th Cir. 2009).   The dockets for the California Court of Appeal and the California Supreme Court do not show any filings by Petitioner other than those made in connection with his above-described state direct appeal.[3]  Thus, it appears that Petitioner's limitations period expired on June 14, 2012, over three months before the instant Petition was signed and mailed to this Court.

## DISCUSSION

As noted above, the Petition was filed several months *after* the presumptive expiration date of Petitioner's limitations period.   Thus, dismissal of this action with prejudice would be warranted, based on untimeliness, unless Petitioner could show that he is entitled to application of the equitable tolling doctrine or that some other basis

---

[2]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic dockets for the California Court of Appeal and the California Supreme Court, which are available at http://appellatecases.courtinfo.ca.gov.

[3]     In an unsigned one-paragraph motion filed with the Petition, asking for a stay and abeyance, Petitioner states that he has a habeas petition pending in the California Supreme Court.   However, he has not provided a copy of any such petition, nor has he provided a case number. The California Supreme Court's docket does not show the existence of any state habeas proceeding brought by Petitioner.

1  for tolling his limitations period exists.  The Court, however, need not
2  resolve the timeliness issue, because a more immediate basis for
3  dismissal exists, namely, the fully unexhausted nature of the Petition.
4
5       Federal courts may not grant habeas relief to a person held in
6  state custody unless the petitioner has exhausted his available state
7  court remedies as to each of the issues presented.   28 U.S.C. §
8  2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203
9  (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We
10 may review the merits of Petitioner's habeas petition only if he
11 exhausted state court remedies.").   "[T]he exhaustion doctrine is
12 designed to give the state courts a full and fair opportunity to resolve
13 federal constitutional claims *before* those claims are presented to the
14 federal courts."  O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct.
15 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S.
16 27, 29, 124 S. Ct. 1347, 1349 (2004)(to give the State the chance to
17 pass upon and resolve violations of his federal rights, a state prisoner
18 must exhaust his available state remedies before seeking federal habeas
19 relief).
20
21       To satisfy the exhaustion requirement, a petitioner must "fairly
22 present" his federal claim to the state courts, *i.e.*, give them a fair
23 opportunity to consider and correct violations of the prisoner's federal
24 rights.  *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888
25 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003)(*en*
26 *banc*); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *as modified*
27 *by* 247 F.3d 904 (9th Cir. 2001).  A state prisoner seeking relief with
28 respect to a California conviction is required to fairly present his

4

federal claims to the California Supreme Court.  *See* <u>Baldwin</u>, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); <u>Keating v. Hood</u>, 133 F.3d 1240, 1242 (9th Cir. 1998).   To fairly present a claim to the California Supreme Court, the petitioner must describe not only the operative facts but also the federal legal theory on which the claim is based.  *See* <u>Duncan</u>, 513 U.S. at 365-66, 115 S. Ct. at 888; <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008); <u>Castillo v. McFadden</u>, 399 F.3d 993, 999 (9th Cir. 2005).

     The instant Petition raises two claims.  In Ground One, Petitioner alleges that his trial counsel's failure to request imperfect self defense instructions constituted ineffective assistance in violation of the Sixth Amendment.  (Petition at 3 and appended Memorandum of Points and Authorities ("Pet. Mem.") at 2-6.)   In Ground Two, Petitioner alleges that the enhancements to his attempted murder sentence violate the Cruel and Unusual Punishment Clause of the Eighth Amendment. (Petition at 4; Pet. mem. at 7-8.)

     Neither claim alleged in the Petition was raised in Petitioner's appeal.  Petitioner's first claim on appeal asserted that the trial court erred in failing to instruct the jury on, *inter alia*, imperfect defense.  This is a separate and distinct claim from the Sixth Amendment claim now alleged as Ground One.  *See* <u>Rose v. Palmateer</u>, 395 F.3d 1108, 1112 (9th Cir. 2005)(holding that a Fifth Amendment claim related to a Sixth Amendment ineffective assistance of appellate counsel claim only insofar as the Sixth Amendment claim was premised on counsel's failure to raise the substance of the Fifth Amendment claim on state appeal,

because "they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts"; thus, even though the Sixth Amendment claim was exhausted, a claim based on the underlying Fifth Amendment violation was not). The Eighth Amendment claim alleged as Ground Two was not raised at all in Petitioner's appeal.

Petitioner's state judicial remedies are not exhausted, because the California Supreme Court was not afforded a chance to rule on Petitioner's two claims before Petitioner sought federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed without prejudice.[4] _Rose_, 455 U.S. at 522, 102 S. Ct. at 1205. If Petitioner does properly exhaust his claims by fairly presenting them to the California Supreme Court, he may file, following that court's ruling, a _new_ habeas petition in this Court.[5]

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice, for failure to exhaust available state remedies.

In addition, pursuant to Rule 11(a) of the Rules Governing Section

---

[4] As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues exhaustion. _Raspberry v. Garcia_, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, Petitioner's motion for stay and abeyance filed on October 23, 2012, must be, and is, DENIED.

[5] The Court advises Petitioner that: the filing and pendency of this action does not toll the one-year limitations period for federal habeas actions; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will _not_ relate back to the filing date of the current Petition.

2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).   The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: October 31, 2012.

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

7